Ezra Sutton (ES-2189)
900 Route 9, Suite 201
Woodbridge, New Jersey 07095
Tel: (732) 634-3520
Fax: (732) 634-3511

*Attorneys for Plaintiff Morning Sun Books, Inc.*

RECEIVED
FEB 0 2 2011
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

|  |  |
|---|---|
| Morning Sun Books, Inc., | UNITED STATES DISTRICT COURT |
|  | DISTRICT OF NEW JERSEY |
| Plaintiff, | Civil Action No. 11-608 (WJM) |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Division Point Models, Inc., Jack Vansworth, K+C Johnson Ltd., Kenneth Johnson, Uncle Dave's Brass Model Trains; *John Does 1-10* |  |
| Defendants. |  |

Plaintiff Morning Sun Books, Inc. ("Morning Sun"), by its attorneys Ezra Sutton & Associates, P.A., alleges on knowledge as to its own acts and otherwise on information and belief as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement, and false designation of origin. Plaintiff seeks an injunction, damages and related relief.

### THE PARTIES

2. Morning Sun Books, Inc. ("Morning Sun") is a corporation duly organized and existing under the laws of the State of New Jersey, with a business address of 9 Pheasant Lane, Scotch Plains, New Jersey 07076. Morning Sun is the owner of certain copyright and

proprietary information at issue in this action.

3. Defendant, Division Point Models Inc., ("Division Point"), *on information and belief*, is a corporation duly organized and existing under the laws of the State of Colorado and maintains its principal place of business at 3435 Heidelberg Drive, Boulder, CO 80305. Division Point conducts business activities, including those activities complained of herein, within this judicial district.

4. Defendant, Jack Vansworth, an individual, is an owner of Division Point Models Inc. and resides at 3435 Heidelberg Drive, Boulder, CO 80305, and dominates and controls Division Point's business activities, including the business activities hereinafter alleged. Moreover, Vansworth personally participated in the wrongful acts alleged herein.

5. Defendant, K+C Johnson, Ltd., ("K+C"), *on information and belief*, is a corporation duly organized and existing under the laws of the State of Colorado and maintains its principal place of business at 3435 Heidelberg Drive, Boulder, CO 80305. K+C conducts its website business activities, including those activities complained of herein, the website extends into this judicial district.

6. Defendant, Kenneth Johnson, an individual, is the general manager of Division Point Models Inc. and resides in Colorado and dominates and controls K+C's business activities, including the website for Division Point. Moreover, Johnson personally participated in the wrongful acts alleged herein.

7. Defendant, Uncle Dave's Brass Model Trains, ("Uncle Dave's"), *on information and belief*, is an entity duly organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 1035 Route 46 East, Suite B-105, Clifton, NJ 07013. Uncle Dave's is a distributor for Defendant Division Point, and conducts business activities,

including those activities complained of herein, within this judicial district.

8. Other persons who may have acted in concert with Vansworth are not fully known at this time without discovery and have been designated as John Does 1-10 above.

9. Defendants (a) are doing business in the State of New Jersey; (b) have transacted business within the State of New Jersey and this judicial district; and (c) have committed tortious acts within the State of New Jersey and within this judicial district.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §§ 1331 and 1338, and 1367; 15 U.S.C. § 1114 and § 1121. Plaintiff's claims are predicated in part upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and the statutory and common law of the State of New Jersey.

11. Venue is properly founded in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400(a).

## THE BUSINESS OF PLAINTIFF MORNING SUN BOOKS

12. Morning Sun was incorporated and has been doing business since 1986.

13. Morning Sun publishes books on railroads from across the United States, Canada, and Mexico, specifically the accurate reproduction and preservation of vintage American color rail photography.

14. Morning Sun is the number one publisher in the United States of railroad books in color.

15. Morning Sun publishes twenty to thirty books per year.

16. Morning Sun is the owner of a collection of original works of authorship, namely, over four hundred (400) books.

17. Morning Sun is the sole copyright owner of the following registered copyrights (collectively, the "Morning Sun Copyrights"):

    a. TX 6-254-398 – Canadian National Steam In Color, Volume 2: Ontario & West.
    b. TX 3-878-991 – Chicago, Burlington and Quincy.
    c. TX 2-967-784 – Lakawanna Railroad In Color.
    d. TX 4-732-898 – Rio Grande In Color, Volume 2: Utah.
    e. TX 6-290-623 – Canadian Pacific Steam In Color, Volume 1: Montreal & East.
    f. TX 4-237-786 – Fairbanks Morse Locomotives In Color.
    g. TX 5-215-554 – Norfolk & Western Color Guide to Freight & Passenger Equipment.
    h. TX 6-978-933 – Terminal Railroad Association of St. Louis in Color.
    i. TX 5-064-783 – Trackside around Chicago 1957-1965 with George Speir.
    j. TX 6-287-787 – Southern Railway Through Passenger Service In Color.
    k. TX 5-815-634 – Union Pacific Diesels In Color, Volume 1: 1934-1959.
    l. TX 4-624-394 – Chicago & North Western In Color, Volume 1: 1941-1953.
    m. TX 5-265-896 – Central Vermont In Color.
    n. TX 2-839-925 – New York Central Lightning Stripes.
    o. TX 5-633-669 – Duluth, Missabe & Iron Range In Color.
    p. TX 5-743-050 – Rutland In Color.
    q. TX 4-675-768 – Milwaukee Road In Color, Volume 3: Wisconsin & Michigan.
    r. TX 3-540-483 – Santa Fe 1940-1971 In Color, Volume 2: Kansas City – Albuquerque.
    s. TX 4-864-641 – Alco Official Color Photography.

18. Morning Sun has taken all necessary steps to register its copyrights in and to the above works as required by 17 U.S.C. § 411(a) in order to institute this action.

19. Having duly complied with all the provisions of the Copyright Law with respect to the said works, Morning Sun has received Certificates of Copyright Registration from the Register of Copyrights.

20. Attached hereto are true copies of Morning Sun's Copyright Registration Certificates, and the corresponding book jacket both marked as Exhibit A.

21. At all relevant times, Morning Sun has complied in all respects with the requirements and provisions of the Copyright Act and all other laws governing copyright.

## DEFENDANTS' WRONGFUL ACTIVITIES

22. Upon information and belief, Division Point is an importer of model railroad goods.

23. Upon information and belief, Division Point has its model railroad goods manufactured in Korea to its own specifications, and then imports the model railroad goods from Korea.

24. Upon information and belief, Defendants infringed upon Morning Sun's Copyright by copying multiple photographs from Morning Sun's copyrighted works, listed above, and using those photographs (see Exhibit B) to have its model railroad goods manufactured in Korea.

25. Upon information and belief, Division Point has a website, www.divisionpoint.com, which recently displayed more than 150 copyrighted photographs copied from Morning Sun Books without permission. On December 17, 2000, plaintiff sent cease and desist letters to defendants Division Point and K+C requesting that they stop using the copyrighted photographs of plaintiff.

26. Upon information and belief, Division Point infringed upon Morning Sun's Copyright by using Morning Sun's copyrighted photographs to advertise Division Point products, through its website and through its distributors. On December 23, 2010, defendant Division Point took all of the copyrighted photographs off of the Division Point website.

27. Defendant Kenneth Johnson admitted to the infringement of the Morning Sun

Copyrights, in two (2) letters dated December 24, 2010.

28. In the first letter dated December 24, 2010, Defendant Johnson, in his role as General Manager of Division Point, stated: "I offer our sincere apologies for the unauthorized use of your photographs on our web site." See Exhibit C, letter dated December 24, 2010 from Kenneth Johnson to Robert J. Yanosey, President of Morning Sun Books, Inc.

29. Defendant Johnson further stated: "Your photographs were used so that the model community would be aware of color schemes and details of the historic locomotives and rolling stock." See Exhibit C.

30. Defendant Johnson further stated: "We in fact, purchase copies of your books to send to our model fabricators in Korea to assist in their endeavors." See Exhibit C.

31. In another letter dated December 24, 2010, also from Defendant Johnson in his role as president of K+C Johnson Ltd., Mr. Johnson again stated: "My sincere apologies for the unauthorized use of your photographs on the web site www.divisionpoint.com." See Exhibit D, letter dated December 24, 2010 from Kenneth Johnson to Robert J. Yanosey, President of Morning Sun Books, Inc.

32. At least 150 of Morning Sun's copyrighted photographs, and possibly more, are believed to have been misappropriated and infringed on by Defendants.

33. Defendants knowingly and willfully copied substantially significant, original and material portions of the Morning Sun Copyrights.

34. Division Point authorized and encouraged others, namely its distributors, including but not limited to Defendant Uncle Dave's Brass Model Trains, to reproduce and distribute the Morning Sun Copyrights in the United States and various other territories in the world.

35. Division Point infringed Morning Sun's exclusive copyright when they willfully authorized and encouraged others to, among other things, reproduce and distribute the Morning Sun Copyrights in the United States and various other territories in the world.

36. By virtue of this unauthorized copying, Defendants have realized substantial illegal revenues.

37. Defendants' infringement of the works subject to copyright protection was, and continues to be, with the knowledge that the works are owned by Morning Sun, and are the subject of the Morning Sun Copyrights, and Defendants, in doing or authorizing such acts, have infringed on the rights of Morning Sun in the Morning Sun Copyrights pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* and such actions on the part of Defendants were deliberate and willful.

38. Defendants have infringed and are infringing Morning Sun's copyrights by unlawfully copying, reproducing, selling, distributing and displaying Morning Sun's copyrighted works, and by preparing derivative works based upon Morning Sun's copyrighted works, all without Morning Sun's authorization or consent.

39. Defendants' aforesaid acts are likely to cause confusion, mistake and deception as to the source of origin, sponsorship or affiliation of the unauthorized Infringing Works in that purchasers and others are likely to believe that said Infringing Works originate with Morning Sun or a company legitimately connected with, approved by or related to Morning Sun.

40. Morning Sun, and only Morning Sun, has the exclusive right to reproduce the Morning Sun Copyrights, prepare derivative works, distribute copies of the Morning Sun Copyrights, and publicly display the Morning Sun Copyrights, and never authorized or consented to any Defendants' use, reproduction or sale of its copyrighted works.

41.     Defendants' activities, as noted above, are unauthorized by Morning Sun. Defendants have, consequently, unjustly enriched themselves at the expense and to the damage and injury of Morning Sun.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement, (17 U.S.C. §101 *et seq.*))

42.     Morning Sun repeats and realleges the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43.     Morning Sun has duly complied with all requirements of the Copyright Act with respect to the protection of the original works of authorship that are the subject of the Morning Sun Copyrights.

44.     Defendants have, without any license, consent or authority from Morning Sun, copied the original works of authorship that are the subject of the Morning Sun Copyrights, as listed above in paragraph 17.

45.     Defendants have thereby willfully infringed, and continue to infringe, Morning Sun's copyrights in the original works of authorship that are the subject of the Morning Sun Copyrights, as listed above in paragraph 17.

46.     Such conduct on the part of Defendants has injured Morning Sun in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Morning Sun, for which Morning Sun has no adequate remedy at law.  Under the copyright law, each defendant may be liable for up to $150,000 for each copyright that is willfully infringed.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, 15 U.S.C. § 1125(a))

47. Morning Sun repeats and realleges the allegations set forth in paragraphs 1 through 46 above as if fully set forth herein.

48. Defendants' use of Morning Sun's copyrighted photographs to advertise and sell Division Point products, through its website and through its distributors, without Morning Sun's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a) of the Lanham Act, in that such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Defendants' goods offered for sale and sold thereon.

49. Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Morning Sun, for which Morning Sun has no adequate remedy at law.

50. Defendant's have willfully infringed, and continue to infringe, by wrongfully using Morning Sun's photographs to take orders for their products.

51. Under the Lanham Act, defendants are liable for the profits they made using plaintiff's photographs to take orders. For each photograph copied and used by defendants to make unauthorized copies, the amount of damages for each is believed to be at least $150,000 (at least 150 units sold for each photograph times $1,000 profit for each).

## PRAYER FOR RELIEF

WHEREFORE, Morning Sun demands that a judgment be entered granting the following relief:

1. Preliminarily and permanently enjoining and restraining Defendants, their subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

   a. the continued use of the collection of materials forming the Morning Sun Copyrights or any materials that are substantially similar in overall appearance thereto; and

   b. recalling from the distributors of defendant Division Point all remaining inventory sold to the distributors.

2. That Defendants be required to file with this Court and serve on Morning Sun thirty (30) days after the date of the injunction a report in writing and under oath setting forth in detail the manner or form in which Defendants have complied fully with the injunction.

3. Awarding Morning Sun all damages sustained by Morning Sun as the result of Defendants' wrongful acts of copyright infringement.

4. Requiring Defendants to account and pay over to Morning Sun all profits realized by their wrongful acts, compensatory damages and punitive damages under the Lanham Act.

5. Awarding Morning Sun its costs and reasonable attorneys' fees and expenses, together with prejudgment interest.

6. Awarding Morning Sun such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable to a jury under F.R.C.P. 38.