FILED UNDER SEAL

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORNING SUN BOOKS, INC., | Civil Action No.: 2:11-cv-00608 |
| Plaintiff, | |
| v. | OPINION |
| DIVISION POINT MODELS, INC., et al., | |
| Defendants. | |

CECCHI, District Judge.

## I.   INTRODUCTION

This matter comes before the Court by way of Defendant Uncle Dave's Brass Model Trains' ("Defendant") motion for reconsideration of the Court's March 21, 2017 Order denying Defendant's motion for attorneys' fees and costs ("Order").  (ECF No. 152 ("Motion for Reconsideration")).  For the reasons that follow, Defendant's Motion for Reconsideration is denied.[1]

## II.   BACKGROUND

On February 2, 2011, Plaintiff Morning Sun Books, Inc. ("Plaintiff") brought this copyright and trademark infringement action against Defendant as well as Division Point Models, Inc., K+C Johnson Ltd., Kenneth Johnson, and Jack Vansworth.  (ECF No. 1).  On December 13, 2013, Defendant moved for summary judgment on all counts of Plaintiff's complaint.  (ECF No. 65). On April 8, 2015, before the Court issued a decision on the motion, Plaintiff and Defendant entered into a settlement agreement, (ECF No. 145-1 (the "Settlement Agreement")), and on April 9, 2015,

---

[1] The Court considers any new arguments not presented by the parties to be waived.  *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

the parties filed a stipulation of dismissal dismissing with prejudice all of Plaintiff's claims against Defendant. (ECF No. 109 (the "Stipulation of Dismissal")).

The Stipulation of Dismissal provides in relevant part, "Defendant . . . hereby retains its rights to seek an award of attorneys' fees, but only following entry of a final judgment (or its equivalent) terminating the lawsuit[.]" (ECF No. 109 at 2). The Stipulation of Dismissal further provides that "Plaintiff . . . would oppose" Defendant's motion for attorneys' fees and costs. (*Id.*). Plaintiff subsequently settled with the remaining defendants in this action and on March 7, 2016, the Court entered an order dismissing the case. (ECF No. 119). On May 9, 2016, Defendant filed a motion for attorneys' fees and costs. (ECF No. 135).

On March 21, 2017, the Court entered an Order denying Defendant's motion for attorneys' fees and costs, finding that Defendant was not a "prevailing party" in this litigation. (ECF No. 151 at 2-3). Moreover, the Court held that even if the Court were to find Defendant as the prevailing party, it would not find an award of fees appropriate under the Copyright Act or the Lanham Act based on the circumstances and history of this case. (*Id.* at 4). On April 15, 2017, Defendant filed a Motion for Reconsideration. (ECF No. 152).

## III.   LEGAL STANDARD

The Court will reconsider a prior order only where a different outcome is justified by: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A court commits clear error of law "only if the record cannot support the findings that led to [the] ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must .

2

. . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (citations omitted).

## IV.   **DISCUSSION**

As a preliminary matter, the Court notes that Defendant's Motion for Reconsideration is untimely. Defendant filed its motion on April 15, 2017, twenty-five days after the Court's March 21, 2017 decision denying Defendant's motion for attorneys' fees and costs, and eleven days after the time period set forth in Local Rule 7.1(i). (ECF No. 152). Indeed, Defendant concedes that its Motion for Reconsideration was not filed within 14 days after the Court's Order. (ECF No. 152-1 at 1). Defendant further "concede[s] that [it] may have erred in believing that reconsideration was controlled by Rule 59(e), rather than Local Rule 7.1(i)." (ECF No. 158 at 6; *see also id.* at 8 (Defendant admitting that "the failure to file what could easily have been a simple motion was [its] fault.")).

Nonetheless, the Court will consider the arguments made in Defendant's Motion for Reconsideration.[2] For the reasons set forth below, the Court once again finds that Defendant is not entitled to attorneys' fees and costs, and will deny Defendant's Motion for Reconsideration.

Defendant first contends that the Court erroneously applied *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources* in its March 21, 2017 Order denying Defendant's motion for attorneys' fees and costs. (ECF No. 152-1 at 2). In *Buckhannon*, the Supreme Court explained that some statutes permit courts to award attorneys' fees and costs to "prevailing parties." 532 U.S. 598, 602 (2001). In determining whether a party

---

[2] Accordingly, Defendant's application for "(1) *Sua Sponte* Withdrawal of Order Denying Fee Motion; (2) Treatment of Motion as Filed Under Rule 59(e); and/or (3) Relief from Time Limit Under Local Rule 7.1(i)," (ECF No. 158 ("Application for Relief")), will be denied as moot.

has prevailed in a certain matter, courts must determine whether such party "has been awarded some relief by the court[.]" *Id.* at 603. Two ways in which a party may make such a showing is through a judgment on the merits or a court-approved settlement agreement. *See id.* at 604.

Defendant concedes that neither a judgment on the merits nor a court-approved settlement agreement exist in this matter. (ECF No. 158 at 7; *see also* ECF No. 152-1 at 3). Nevertheless, Defendant avers that it is the prevailing party because *Buckhannon* only applies to *plaintiffs*, not *defendants*. (*See id.* at 2-6).

"[T]he rule of *Buckhannon* applies at the first step of [determining whether a party is entitled to attorneys' fees and costs under a federal fee-shifting statute], regardless of whether the party seeking fees is a plaintiff or a defendant[.]" *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006). "To the extent [D]efendant[] contend[s] that *Buckhannon*'s holding does not apply to dismissals obtained by defendants, that argument [was rejected] in *Mr. L. v. Sloan*. In that case, th[e] court ruled that *Buckhannon*'s holding 'that a prevailing party under federal fee-shifting statutes is one who has achieved a judicially sanctioned change in the legal relationship among the parties,' applies in 'prevailing defendant' cases." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 102 (2d Cir. 2006) (quoting 449 F.3d at 405-06). Accordingly, Defendant's argument is without merit.[3]

---

[3] The Court finds Defendant's argument that the Supreme Court held *Buckhannon* inapplicable to "prevailing-defendant" cases in *CRST Van Expedited, Inc. v. E.E.O.C.* without merit. (ECF No. 152-1 at 2-4; *see also id.* at 7). In *CRST*, the Supreme Court held that a defendant may prevail even where there is no *ruling on the merits*, *see* 136 S. Ct. 1642, 1646 (2016), which is entirely consistent with *Buckhannon*. *See* 532 U.S. at 604 (holding that a party may prevail by *either* obtaining a judgment on the merits *or* a court-approved settlement agreement).

Moreover, the Court notes that the cases cited by Defendant, (ECF No. 152-1 at 4-5), do not support Defendant's position that it is a prevailing party, as in each of those cases *the court* entered an order or judgment dismissing the plaintiffs' claims with prejudice. Here, the parties entered into a *stipulation of dismissal*, which courts have held does not confer prevailing party status on

Defendant next maintains that the Court denied Defendant attorneys' fees and costs without a basis in the record. (ECF No. 152-1 at 7-8). More specifically, Defendant contends that the Court erred because it did not point to "either party's conduct that supported a fee denial[.]" (*Id.* at 7 n.1). An evaluation of the parties' conduct, however, is only relevant after a court finds that a party has prevailed, which the Court did not do in this matter. *See Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. 03-962, 2005 WL 1244923, at *2 (E.D. Pa. May 24, 2005) ("In this Circuit, adjudication of attorneys' fees in a copyright case requires a . . . process. *First*, a court determines which party has 'prevailed,' and *then* applies a four-factor test, [which considers the parties' conduct,] to decide whether the prevailing party should receive any fees at all.") (emphasis added) (citing *Lieb v. Topstone Indus.*, 788 F.2d 151 (3d Cir. 1986)). Therefore, Defendant's argument is without merit.

Even if Defendant was a prevailing party in this litigation, the Court still finds that Defendant is not entitled to attorneys' fees and costs under the Copyright Act. "An award of attorney's fees is within a court's sound discretion." *Silberstein v. Digital Art Sols., Inc.*, No. 02-8187, 2003 WL 21297291, at *2 (S.D.N.Y. June 4, 2003). "In exercising its discretion under 17 U.S.C. § 505, a court should consider factors such as 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Ackerman*

---

either litigant. *See Bryant v. MV Transp., Inc.*, 231 F.R.D. 480, 481 (E.D. Va. 2005); *Johnson v. Pringle Dev., Inc.*, No. 05-37, 2006 WL 2189542, at *2 (M.D. Fla. Aug. 1, 2006); *Gibson v. Walgreen Co.*, No. 07-1053, 2008 WL 2607775, at *3 (M.D. Fla. July 1, 2008). Indeed, the parties entered into a settlement agreement through which both Plaintiff and Defendant made certain concessions and compromises. (ECF No. 145-1). For example, while Plaintiff provided Defendant with a general release and covenant not to sue, Defendant covenanted not to assist any party involved in Plaintiff's litigation and withdrew all of its pending motions in this matter. (*Id.*). Therefore, the Court again concludes that Defendant is not a prevailing party in this litigation.

*v. Pascal*, No. 01-10791, 2002 WL 31496206, at *2 (S.D.N.Y. Nov. 7, 2002) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994)).

Plaintiff "publishes books on railroads from across the United States, Canada, and Mexico, specifically the accurate reproduction and preservation of vintage American color rail photography." (ECF No. 1 ¶ 13). In its complaint, Plaintiff alleged that Defendant infringed its copyrights "by copying multiple photographs from [Plaintiff]'s copyrighted works." (*Id.* ¶ 24; *see also id.* ¶¶ 42-46). In response to Plaintiff's complaint, Defendant did not file a motion to dismiss. Rather, Defendant filed an answer, and thereafter engaged in discovery, settlement negotiations, and summary judgment briefing. Having presided over this matter, the Court appreciates that whether Defendant infringed Plaintiff's copyrights implicates significant legal issues and a number of questions of fact. Accordingly, the Court concludes that Plaintiff's complaint was neither frivolous nor objectively unreasonable. *See Silberstein*, 2003 WL 21297291, at *2 (holding that where there were questions of fact with respect to whether the defendant infringed the plaintiff's copyrights, the "plaintiff's complaint was not frivolous, and it was 'objectively reasonable' for her to file it to preserve her rights").

Further, the Court does not find that Plaintiff acted with any improper motivation, or that there are any "special circumstances in this case that warrant an award of attorney's fees in order to advance considerations of compensation or deterrence." *Clarity Software, LLC v. Fin. Indep. Grp., LLC*, Nos. 12-1609 and 13-795, 2016 WL 3083383, at *6 (W.D. Pa. May 31, 2016). Throughout this matter, which included the discovery process and summary judgment briefing, the Court has never found that Plaintiff acted in an unreasonable manner or in bad faith. Therefore, the Court will again decline to award counsel fees and costs pursuant to the Copyright Act.

The Court also finds that even if Defendant was a prevailing party in this litigation, Defendant is nonetheless not entitled to attorneys' fees and costs under the Lanham Act. "Section 35(a) of the Lanham Act, which lists the remedies available for trademark violations, provides in pertinent part that '[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party'" in its discretion. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 279 (3d Cir. 2000) (quoting 15 U.S.C. § 1117(a)). With respect to what constitutes an "exceptional case," the Third Circuit has held that:

> Determining whether a case is exceptional is a two-step process. First, the District Court must decide whether the defendant engaged in any culpable conduct. We have listed bad faith, fraud, malice, and knowing infringement as non-exclusive examples of the sort of culpable conduct that could support a fee award. Moreover, the culpable conduct may relate not only to the circumstances of the Lanham Act violation, but also to the way the losing party handled himself during the litigation. Second, if the District Court finds culpable conduct, it must decide whether the circumstances are "exceptional" enough to warrant a fee award. In sum, a district court may not award fees without a finding of culpable conduct, but it may decline to award them despite a finding of culpable conduct based on the totality of the circumstances.

*Green v. Fornario*, 486 F.3d 100, 103-04 (3d Cir. 2007).

The Court finds that this case is not "exceptional" under § 35(a) so as to warrant attorneys' fees and costs. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314 (3d Cir. 2014) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)). The Court is neither persuaded that Plaintiff's arguments were so weak as to be frivolous or made in bad faith, nor persuaded that Plaintiff

litigated this case in an "unreasonable manner." *See supra*. Therefore, the court will again decline

to award counsel fees and costs pursuant to the Lanham Act.[4]

## V.   CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration is denied. Further,

Defendant's Application for Relief is denied as moot, and Defendant's Recusal Request is denied.

An appropriate Order accompanies this Opinion.

Dated:  October 12, 2018                        _____

                                                        **CLAIRE C. CECCHI, U.S.D.J.**

---

[4] To the extent that Defendant argues that it was prejudiced because the Court did not grant Defendant permission to exceed the page limit on its motion for attorneys' fees and costs, (ECF No. 152-1 at 21-23), "the manner in which a court disposes of cases on its docket is within its discretion." *Walsh v. George*, 650 F. App'x 130, 133 (3d Cir. 2016) (affirming the district court's decision to deny appellant's motion to exceed the page limit for his brief in opposition to appellees' motion to dismiss). The Court also notes that Defendant had an abundance of space to present his arguments to the Court. More specifically, Defendant submitted: (1) a 39-page memorandum of law, (ECF No. 138); (2) a 30-page declaration, (ECF No. 138-1); (3) a 174-page appendix, (ECF Nos. 138-2; 139); and (4) a 16-page reply memorandum of law. (ECF No. 147).

The Court also notes that Defendant submitted a letter to the Court requesting that the Court recuse itself. (ECF No. 155 ("Recusal Request")). In such letter, Defendant acknowledges that it does not believe the undersigned has a personal animus affecting this case. (*Id.* at 3). Instead, Defendant asserts that the undersigned has "hostility to [Defendant's] very defense (that [Plaintiff]'s case was entirely frivolous)[.]" (*Id.*). The Court's disagreement with Defendant on the merits of the legal arguments in this case does not mandate recusal. *See Securacomm Consulting, Inc.*, 224 F.3d at 278 (noting that "a party's displeasure with legal rulings does not form an adequate basis for recusal"). Accordingly, Defendant's Recusal Request will be denied.