NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORNING SUN BOOKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIVISION POINT MODELS, INC., et al., <br><br> Defendants. | Civil Action No.: 2:11-cv-00608 <br><br> **OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court by way of Defendant Uncle Dave's Brass Model Train's ("Defendant") Motion to Settle and Approve its Rule 10(c) Statement pursuant to the Federal Rules of Appellate Procedure. (ECF No. 166). Morning Sun Books, Inc. ("Plaintiff") filed its objections to Defendant's Rule 10(c) Statement (ECF No. 165), and further opposed Defendant's Motion (ECF No. 171). Defendant replied to Plaintiff's opposition. (ECF No. 172). For the reasons set forth below, the Court denies Defendant's Motion.

## II. BACKGROUND

Defendant's Motion to Settle and Approve its Rule 10(c) Statement concerns a telephone conference that occurred on April 21, 2016 between the Court and the parties. For background, Plaintiff and Defendant entered into a settlement agreement in April 2015 (ECF No. 145-1) and subsequently filed a stipulation of dismissal, dismissing all of Plaintiff's claims against Defendant with prejudice. (ECF No. 109). Thereafter, Defendant sought to file a motion for attorneys' fees and costs. The Court held a telephone conference on April 21, 2016 in response to Defendant's request to file a 75-page brief in support of its motion, exceeding the limitations provided for by Local Civil

1

Rule 7.2. (ECF No. 127). After the conference, the Court provided the parties with a briefing schedule to allow Defendant to move for attorneys' fees and ordered that the parties' submissions must comply with Local Civil Rule 7.2. (ECF No. 131). The Court further noted that "the page limit set forth in the Local Civil Rules is sufficient to enable Defendant to make all necessary arguments in support of its position." (ECF No. 134). Defendant subsequently filed a motion for attorneys' fees and costs. (ECF No. 135). The parties submitted briefs and declarations of counsel in support of their arguments. (ECF Nos. 138, 139, 145, 147).

After carefully considering the parties' submissions and arguments, the Court denied Defendant's motion for attorneys' fees and costs on March 21, 2017. (ECF No. 151). Defendant subsequently filed a motion for reconsideration. (ECF No. 152). On October 12, 2018, the Court denied Defendant's motion for reconsideration of the Court's March 2017 Order. (ECF No. 161). Defendant filed a Notice of Appeal on November 11, 2018, appealing the Court's October 12, 2018 Order. (ECF No. 162).

On December 3, 2018, Defendant served a statement upon Plaintiff (the "Statement"), pursuant to Federal Rule of Appellate Procedure 10(c), which included Defendant's recollection of the April 21, 2016 status conference held before the Court via telephone. Defendant, by its Motion, requests that its Statement concerning representations allegedly made during the call be settled and approved for inclusion in the record on appeal. (ECF No. 166). Plaintiff objects to the Statement (ECF No. 165) and opposes Defendant's Motion (ECF No 171).

### III.    LEGAL STANDARD

Under the Federal Rules of Appellate Procedure, within 14 days after filing a notice of appeal, the appellant must order a transcript of the parts of the proceedings not already on file that the appellant considers necessary for the appellate record or "file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b). Federal Rule of Appellate Procedure 10(c) states that "[i]f

2

the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Fed. R. App. P. 10(c). The appellee may then serve objections or proposed amendments within 14 days of service. *Id.* "The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval." *Id.*

## IV. DISCUSSION

Defendant asks the Court to settle and approve the following statement for the appellate record that it contends represents the April 21, 2016 telephone conference between the Court and the parties:

> Appellant's attorney fee motion required that we brief a plethora of issues that had been previously briefed in our second summary judgment motion, which became obviated when respondent threw in the towel and offered to dismiss their complaint against us. All those matter[s] required new briefing in order to show the District Court the extent of their bad faith in bringing and maintaining the lawsuit. That is, since a full fee award is dependent upon the improper conduct of the "other side," we had to re-litigate all those issues (in our brief), in order to justify the fee award we were seeking. But in addition, we had to separately brief all the Lieb factors [Lieb v. Topstone Industries, Inc., 788 F.2d 151(3d Cir.1986)] that this Court set forth in deciding whether and to what extent an award of any size should be granted. As a result, we moved [ECF-127] by order to show cause for permission to file a single 75-page brief.
>
> During the ensuing telephone conversation, the undersigned attorney urged Judge Cecchi to increase the court's page limitation, pointing out specifically that we had to brief all the Lieb factors. In response, Judge Cecchi stated, "You don't have to brief Lieb!"

(ECF No. 166 at 9-10).[1] Through its statement, Defendant provides its own perspective on Plaintiff's actions, i.e. stating that Plaintiff "threw in the towel" and accordingly Defendant's "second summary judgment motion . . . became obviated" and that "since a full fee award is dependent upon the improper conduct of the 'other side,' we had to re-litigate all those issues (in our brief) . . . in order

---

[1] Defendant is referring to certain factors enumerated in *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir. 1986) including: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.; see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

3

to show [Plaintiff's] bad faith in bringing and maintaining the lawsuit." (Id.). Defendant also offered its own reflections on the Court's decision, stating that the Court precluded it from briefing the *Lieb* factors relating to attorneys' fees. (Id.).

Plaintiff filed various objections to Defendant's Statement.[2] Plaintiff disputes the accuracy of the proposed Statement and argues that the Statement fails to present a narrative as to what transpired. (ECF No. 165 at 5; ECF No. 171 at 7). Moreover, Plaintiff asserts that the Statement is improperly argumentative, contains legal analysis, and does not present evidence. (ECF No. 165 at 4-6; ECF No. 171 at 6-8). In addition, Plaintiff argues that Defendant's request is moot because, although Defendant contends it was precluded from briefing the *Lieb* factors pertaining to attorneys' fees, Defendant did in fact extensively brief those factors in its submission. (ECF No. 165 at 4-6; ECF No. 171 at 8). Furthermore, Plaintiff notes that the Court addressed such *Lieb* factors in its decision. (ECF No. 171 at 8).

The Court agrees with Plaintiff that the Statement does not comply with Federal Rule of Appellate Procedure 10(c), which requires that an appellant submit "a statement of the evidence or proceedings from the best available means." Fed. R. App. P. 10(c). The accuracy of the Statement is disputed, the format does not provide an objective narrative, and the Court memorialized the

---

[2] In addition to the arguments outlined above, Plaintiff contends that Defendant's Motion, fashioned as a reply to Plaintiff's objections to the Statement, is also procedurally improper under Rule 10(c) because the Rule does not allow for motion practice. (ECF No. 171 at 3). According to the Federal Rule of Appellate Procedure 10(c), "[t]he statement shall be served on the appellee, who may serve objections or proposed amendments thereto within ten days after service." The Court finds that Defendant properly served Plaintiff on December 3, 2019 with the Statement, Plaintiff timely objected to the Statement (ECF No. 165), and Defendant subsequently submitted the Statement and Plaintiff's objections to the Court for settlement and approval (ECF No. 166). Accordingly, the Court accepts Defendant's Motion.

Plaintiff further contends that Defendant's counsel should be sanctioned under 28 U.S.C. § 1927, and Plaintiff should be awarded attorneys' fees due to Defendant's failure to follow the proper procedure as required under Rule 10(c). As stated above, the Court accepts Defendant's Motion and thus declines to impose sanctions and award attorneys' fees to Plaintiff.

conference with its own order setting forth a briefing schedule and directing compliance with Local Civil Rule 7.2. (ECF No. 131). The Court notes that this order sufficiently embodies what transpired during the telephone conference.

Additionally, the Court agrees with Plaintiff that Defendant had a full opportunity to advance its arguments on the issue of attorneys' fees and that there is nothing further to add to the appellate record on this issue. The Court has considered numerous filings from Defendant related to its motion for attorneys' fees, including Defendant's brief, an accompanying declaration of counsel, a lengthy appendix, and a reply brief—totaling more than 200 pages. (ECF Nos. 138, 138-1, 138-2, 139, 147). Furthermore, the Court has also reviewed Defendant's motion for reconsideration regarding the denial of attorneys' fees (ECF No. 152) as well as four letter responses from the parties. (ECF Nos. 153, 154, 155, 157). Despite Plaintiff's request to strike Defendant's submissions as exceeding the page limitation, the Court declined to do so and fully considered all relevant arguments. (ECF No. 140). In Defendant's brief in support of its Motion for an Award of Attorneys' Fees and Costs, Defendant thoroughly addressed the *Lieb* factors, which have been incorporated into the *Fogerty* factors, in the section of Defendant's brief titled "The Fogerty/Lieb Factors Demand A Full Award of Costs and Fees". (*See* ECF No. 138 at 22-29). Moreover, as Plaintiff correctly points out, the Court addressed the *Lieb/Fogerty* factors in its October 12, 2018 Opinion in response to Defendant's briefing on the issue, and in its prior order of March 21, 2017. (*See* ECF No. 160 at 5-6; ECF No. 151 at 4). Accordingly, Defendant's Motion to Settle and Approve its Rule 10(c) Statement is denied.

Date: September 30, 2019

CLAIRE C. CECCHI, U.S.D.J.

5